

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXX~~
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Opinion No. O-3855
Re: Would the State Treasurer be
required or permitted under
Texas Statutes to accept the
described deposit by the Re-
public National Life Insurance
Company?

Att'n:  Mr. Chas. O. Rice

Dear Sir:

Your letter of August 5, 1941, requesting an opinion of
this department, upon the above stated question, has been received.

We quote from your letter as follows:

"We hand you herewith a letter which this depart-
ment received today from Mr. George Van Fleet,
Actuary of Board of Insurance Commissioners, in
regard to a certain type of deposit which the Re-
public National Life Insurance Company desires to
make with the State Treasurer of Texas in order to
secure a permit to transact business in the State
of Illinois.

"We would appreciate very much an opinion from
you in regard to this matter at your very earliest
convenience, as to whether or not the State Treasurer
would be required or permitted under Texas Statutes
to accept such deposit for the purpose as above set
forth.

"You will note that this letter refers to an
opinion previously rendered by the Attorney General's
Department under date of December 1, 1937.

"For your information this opinion was written
by Honorable Richard Brooks, Assistant Attorney
General under Attorney General William McCraw, and
as we have some extra copies of this opinion, we are
enclosing one of them herewith."

The letter from Mr. George Van Fleet, Actuary of the Board of Insurance Commissioners, referred to in your inquiry, reads as follows:

"The Republic National Life Insurance Company, organized under the laws of this State in accordance with the provisions of Chapter 3, Title 78, Revised Civil Statutes of Texas of 1925, is applying for a certificate of authority to transact business in the State of Illinois. Section 111 of the Illinois Insurance Code requires that in order for the Republic National Life Insurance Company to be authorized to transact business in the State of Illinois it must have on deposit with the proper supervising authority of its home state $100,000 in securities for the benefit and security of all policy obligations of the Company.

"The Company desires to deposit with the State Treasurer of the State of Texas $100,000 in securities in order that it may be authorized to transact business in the State of Illinois. It appears to this Department that the matter concerned in this case is very similar to the matter about which the Attorney General rendered an opinion to you dated December 1, 1937, relative to the Republic Insurance Company.

"We would appreciate it very much if you would give this matter your most immediate attention, and advise us whether or not it is within the authority of the State Treasurer of this State to accept the deposit referred to."

The opinion of this department, referred to in the letters quoted above, construes Article 4993, Chapter 18, Title 78, Vernon's Annotated Civil Statutes. It will be noted that such chapter is applicable to general casualty companies and that Article 4993, supra, specifically provides, in part:

"Only companies organized and doing business under the provisions of this Chapter shall be subject to its provisions. * * * *."

Under the facts stated above, the Republic National Life Insurance Company was organized under the laws of this state in accordance with the provisions of Chapter 3, Title 78, Vernon's Annotated Civil Statutes. Therefore, we do not think that Article 4993, supra, and the above mentioned opinion have any application to the question under consideration.

Article 4739, Vernon's Annotated Civil Statutes, provides:

"Any life insurance company, accident insurance company, life and accident, health and accident, or life, health and accident insurance company, organized under the laws of this State, may at its option, deposit with the State Treasurer securities equal to the amount of its capital stock, and may, at its option, withdraw the same or any part thereof, first having deposited in the treasury in lieu thereof other securities equal in value to those withdrawn. Any such securities, before being so originally deposited or substituted, shall be approved by the Commissioner. When any such deposit is made, the Treasurer shall execute to the company making the deposit a receipt therefor, giving such description to such securities as will identify the same; and such company shall have the right to advertise such fact, or print a copy of the treasurer's receipt on the policies it may issue; and the proper officers or agents of each insurance company making such deposit shall be permitted, at all reasonable times, to examine such securities and to detach coupons therefrom and to collect interest thereon, under such reasonable rules and regulations as may be prescribed by the Treasurer, and the Commissioner. Such deposit when made by any company shall thereafter be maintained as long as said company shall have outstanding any liability to its policy holders. For the purpose of State, county, and municipal taxation, the situs of all personal property belonging to such companies shall be at the home office of such company."

It will be noted that Article 4739, supra, authorizes any company named therein, at its option, to deposit with the State Treasurer securities equal to the amount of its capital stock. This statute further provides for the withdrawal of said securities under certain circumstances and conditions mentioned therein and the substitution of other securities in lieu of the original securities deposited, further providing, that any such securities, before being so originally deposited or substituted, shall be approved by the Board of Insurance Commissioners. Under the above mentioned statute, such deposit when made by any company shall thereafter be maintained as long as said company shall have outstanding any liability to its policyholders.

It is clear from the above mentioned statute that any company mentioned therein is authorized to make a deposit with

the State Treasurer under the provisions thereof and that the State Treasurer is authorized to accept and receive said deposit and shall execute to the company making the deposit a receipt therefor, giving such description to such securities as will identify the same and such company shall have the right to advertise such fact, or print a copy of the treasurer's receipt on the policies it may issue. We think that the above mentioned company has the right to make the above mentioned deposit provided said deposit does not exceed the capital stock of said company, and, as above stated, the treasurer is authorized to receive and accept the same. Whether or not this deposit fulfills or meets the requirements of the Illinois law is a matter on which we express no opinion. In other words, we think that the deposit can be made under Article 4739, supra, if all the conditions of said statute are complied with regardless of the motive of the company which prompts the tender and deposit. Of course, when said deposit is made it is subject to all the provisions of the above mentioned statute.

   Trusting that the foregoing fully answers your inquiry, we are

Yours very turly

ATTORNEY GENERAL OF TEXAS

By s/ Ardell Williams<br>Ardell Williams<br>Assistant

AW:ob:wc

APPROVED SEP 2, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

This Opinion Considered And Approved In Limited Conference